YU SHAO, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 07–5402–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Daniel B. Lundy, Barst & Mukamal, LLP, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wendtland, Assistant Director; Justin Constantine, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Shao, a native and citizen of the People's Republic of China, seeks review of a November 2, 2007 order of the BIA denying her motion to reopen. *In re Yu Shao*, No. A077 309 467 (B.I.A. Nov. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we may not consider Shao's challenge to the IJ's underlying adverse credibility determination because she did not timely petition this Court for review of that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). Additionally, we will not review Shao's extra-record evidence or remand for consideration of such evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 261–62 (2d Cir.2007).

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Shao's untimely motion to reopen.

■ Shao argues that the BIA erred in finding that she failed to demonstrate material changed country conditions or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA did not err in relying on the underlying adverse credibility determination in declining to credit Shao's particularized evidence. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

Similarly, the BIA's determination that Shao was ineligible to file a successive

asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).